AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 4:14 MJ 7055 SPM-1 |
| DIONNE LAMONG GATLING ) | |
| *Defendant* ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

**Part I—Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of   ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal

jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the   ☐ date of conviction   ☐ the defendant's release

from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☑ (1) There is probable cause to believe that the defendant has committed an offense

☑ for which a maximum prison term of ten years or more is prescribed in  21 U.S.C. § 801 et seq  .

☐ under 18 U.S.C. § 924(c).

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

☑ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

☑ (1)  There is a serious risk that the defendant will not appear.

☑ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

See statement of reasons.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by   ☑ clear and convincing evidence   ☐ a preponderance of the evidence that

See statement of reasons.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:  03/27/2014                                   /s/ Shirley Padmore Mensah
                                                                         *Judge's Signature*

                                                          United States Magistrate Judge
                                                                         *Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

UNITED STATES v. DIONNE L. GATLING
STATEMENT OF REASONS
Case Number 4:14MJ7055 SPM-1

The defendant is a 45 year old lifelong resident of Saint Louis, Missouri who was charged in a complaint with conspiracy to distribute 500 grams or more of methamphetamine (Count 1); conspiracy to distribute 1 kilogram or more of heroin (Count 2), and conspiracy to distribute 5 kilograms or more of cocaine (Count 3).[1] If convicted, defendant potentially faces *minimum* terms of incarceration of ten years on each count in the complaint.

The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained:

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003)(quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

However, because the defendant here has been charged with drug trafficking offenses carrying a maximum term of incarceration of ten years or more under 21 U.S.C. §841, the government's case is aided by a rebuttable presumption that no condition or combination of conditions will reasonably assure defendant's appearance as required and the safety of the community. *See* 18 U.S.C. §3142(e)(3). In light of this presumption, defendant has the burden to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003). If the defendant produces such evidence, the statutory presumption does not disappear; rather, the court must consider the presumption along with all other evidence and determine whether the evidence as a whole supports pretrial detention. *Id.* Throughout all, the government retains the burden of proof described above, *see id.*, and the defendant retains the presumption of innocence. 18 U.S.C. § 3142(j).

---

[1] On March 26, 2014, Defendant was indicted on Counts 2 and 3 in *United States v. Dionne Lamont Gatling, et al.,* 4:14CR88 RWS (SPM).

UNITED STATES v. DIONNE L. GATLING
STATEMENT OF REASONS
Case Number 4:14MJ7055 SPM-1

At the detention hearing, the parties had no disagreement with the facts set forth in the written report of the United States Pretrial Services Office dated March 14, 2014 (Doc. 18). Therefore, the court hereby adopts and incorporates by reference into this order the facts set forth in the Pretrial Services report. The court has also considered the facts contained in the affidavit of Special Agent Brett Johnson filed in support of the complaint, arguments of counsel, and other information provided at the detention hearing.

The United States argued detention is warranted in light of the nature of the charges; the presence of the rebuttable presumption; the strength of the government's case as demonstrated in the affidavit supporting the complaint; this defendant's role as the head of the drug trafficking organization; and defendant's prior criminal history.

Defense counsel argued that defendant should be released pending trial because defendant is a lifelong resident of the St. Louis area; defendant is employed in his own business; and although defendant has a significant criminal history, including prior drug trafficking offenses, those offenses are relatively remote in time. These facts do not overcome the rebuttable presumption that applies here; and, even if they did overcome the presumption, detention is warranted when the evidence as a whole is taken together with the rebuttable presumption.

For example, as the affidavit supporting the complaint demonstrates, this case involves several Title III wiretaps, making the evidence against defendant quite strong. That evidence shows defendant Gatling is the head of a drug trafficking organization that has been involved in the distribution of cocaine, heroin and methamphetamine. The evidence shows that, over time, Gatling was controlling the distribution of drugs by the DTO; members of the DTO contacted Gatling for directions; and a member of the DTO was murdered one day after investigators told Gatling's attorney that Gatling and co-conspirators were intercepted over wiretap calls. In addition, defendant has two prior drug convictions, including a conviction in this district for conspiracy to distribute cocaine, possession with the intent to distribute cocaine, and money laundering.

In addition, the fact that defendant is facing severe penalties if convicted, particularly in light of his prior criminal history, gives him incentive to flee; and, as the Pretrial Services report suggests, defendant has the means to flee. In particular, the report shows defendant has over

$300,000 in equity in his home and his paramour of twenty-six years (and mother of three of his children) owns a business that reportedly generated over one million dollars in revenue last year.

Thus, even if defendant has overcome the statutory presumption by producing some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee, "the statutory presumption does not disappear; rather, the court must consider the presumption along with all other evidence and determine whether the evidence as a whole supports pretrial detention. *United States v. Abad*, 350 F.3d at 797. When the statutory presumption is taken together with the record as a whole, there are no conditions or combination of conditions that will reasonably assure the court that defendant will not be a danger to the community and will not flee.