AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

United States of America )
v. )
)  Case No.  4:14 MJ 7055 SPM-3
ANDRE RUSH )
*Defendant* )

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of  ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed  -  that is

   ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4)or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

   ☐ an offense for which the maximum sentence is death or life imprisonment.

   ☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

   ☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

   ☐ any felony that is not a crime of violence but involves:

      ☐ a minor victim

      ☐ the possession or use of a firearm or destructive device or any other dangerous weapon

      ☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the  ☐ date of conviction  ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☑ (1) There is probable cause to believe that the defendant has committed an offense

   ☑ for which a maximum prison term of ten years or more is prescribed in  21 U.S.C. § 801 et seq.  .

   ☐ under 18 U.S.C. § 924(c).

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Eastern District of Missouri

☑ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

☑ (1)  There is a serious risk that the defendant will not appear.

☑ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

See statement of reasons.

**Part II— Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes by ☑ clear and convincing evidence  ☐ a preponderance of the evidence that

See statement of reasons.

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:  03/28/2014

/s/Shirley Padmore Mensah
*Judge's Signature*

United States Magistrate Judge
*Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 2 of  2

UNITED STATES v. ANDRE RUSH
STATEMENT OF REASONS
Case Number 4:14MJ7055 SPM-3

      The defendant is a 49 year old lifelong resident of Saint Louis, Missouri who was charged in a complaint with conspiracy to distribute 500 grams or more of methamphetamine (Count 1); conspiracy to distribute 1 kilogram or more of heroin (Count 2), and conspiracy to distribute 5 kilograms or more of cocaine (Count 3). If convicted, defendant potentially faces *minimum* terms of incarceration of ten years on each count in the complaint. [1]

      The Bail Reform Act places upon the government a substantial burden of proof regarding whether a person should be detained:

> Only if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under subsection (c) [of 18 U.S.C. § 3142] will *reasonably assure* the defendant's appearance can a defendant be detained before trial.

*United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003)(quoting *United States v. Orta*, 760 F.2d 887, 891 & n. 20 (8th Cir. 1985) (en banc)).

      However, because the defendant here has been charged with drug trafficking offenses carrying a maximum term of incarceration of ten years or more under 21 U.S.C. §841, the government's case is aided by a rebuttable presumption that no condition or combination of conditions will reasonably assure defendant's appearance as required and the safety of the community.  *See* 18 U.S.C. §3142(e)(3).  In light of this presumption, defendant has the burden to produce some evidence that there are conditions of release which will reasonably assure that he will not pose a danger to the community and will not flee.  *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).  If the defendant produces such evidence, the statutory presumption does not disappear; rather, the court must consider the presumption along with all other evidence and determine whether the evidence as a whole supports pretrial detention.  *Id.*  Throughout all, the government retains the burden of proof described above, *see id.*, and the defendant retains the presumption of innocence.  18 U.S.C. § 3142(j).

---

[1] On March 26, 2014, Defendant was charged in an indictment with the offense in Count 1 of the Complaint in *United States v. Dionne Lamont Gatling, et al.,* 4:14CR88 RWS (SPM).

UNITED STATES v. ANDRE RUSH
STATEMENT OF REASONS
Case Number 4:14MJ7055 SPM-3

At the detention hearing, with one exception, the parties had no disagreement with the facts set forth in the written report of the United States Pretrial Services Office dated March 14, 2014 (Doc. 20). Defendant denied that he was currently experiencing any withdrawal symptoms from heroin use. Therefore, the court hereby adopts and incorporates by reference into this order the facts set forth in the Pretrial Services report with the one caveat noted by defense counsel at the hearing. The court has also considered the facts contained in the affidavit of Special Agent Brett Johnson filed in support of the complaint, arguments of counsel, and other information provided at the detention hearing.

The United States argues detention is warranted in light of the nature of the charges; the presence of the rebuttable presumption; the strength of the government's case as demonstrated in the affidavit supporting the complaint; and the recommendation made by the United States Pretrial Services Agency.

In response, defendant contends that he has rebutted the presumption and should be released pending trial because defendant is not a flight risk. More specifically, defense counsel argued that in two prior federal drug offenses defendant successfully completed his terms of supervised release. Defense counsel further contended that although the Special Agent Johnson's affidavit discusses an alleged murder of a co-conspirator, there is no evidence or suggestion that defendant was involved in that murder. Defendant's chief argument in favor of pretrial release was that defendant is currently suffering from severe health problems that cannot be properly cared for in prison including uncontrolled diabetes and a heart problem. Defense counsel was granted to time to supplement the record with any additional evidence confirming the extent and nature of defendant's health problems; however, on March 27, 2014, defense counsel indicated in a written response that after reviewing defendant's medical records, "as long as the jail continues to administer the prescribed medications to [defendant] in a timely manner, there are no immediate life-threatening medical concerns." (Doc. 37).

Although defendant has very strong ties to the area and appears to have some health problems that would hamper his ability to flee, the foregoing facts do not rebut the statutory presumption in this case particularly when taken together with all of the evidence before the court. That evidence shows that defendant's health problems are not life threatening and are

UNITED STATES v. ANDRE RUSH
STATEMENT OF REASONS
Case Number 4:14MJ7055 SPM-3

being controlled by medication which is being administered by the jail. It also shows defendant is currently unemployed and has been unemployed for many years. Although defendant denied experiencing withdrawals from heroin use, defendant did not deny that he is a daily user of heroin. Defendant has an extensive criminal history dating back to childhood that includes violent offenses (e.g., armed robbery, assault), sexual offenses, and two prior federal drug convictions. Although defendant's criminal history shows that he successfully completed some periods of supervision, that history also shows times when defendant violated the terms of his parole (which lead to revocation), a conviction for failing to return to confinement, and poor adjustment while on probation in this district.

In sum, even if the facts cited by defense counsel overcame the statutory presumption, which is questionable, "the statutory presumption does not disappear; rather, the court must consider the presumption along with all other evidence and determine whether the evidence as a whole supports pretrial detention. *United States v. Abad*, 350 F.3d at 797. When the statutory presumption is taken together with the record as a whole, there are no conditions or combination of conditions that will reasonably assure the court that defendant will not be a danger to the community and will not flee.