UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DIONNE LAMONT GATLING-1, )<br>TIMOTHY LAMONT RUSH-2, )<br>ANDRE ALPHONSO RUSH-3, )<br>LORENZO RALPH GIBBS-4, )<br>)<br>Defendants. ) | Case No. 4:14CR88RWS(SPM) |

## ORDER CONTINUING PRETRIAL MOTION HEARING

This matter is before the undersigned on the Defendants' Joint Motion to Continue the *Franks* Hearing which is currently scheduled to begin on June 22, 2016 (Doc. 280). For the reasons stated in the motion, which is not opposed by the United States, I find the ends of justice require that the hearing be continued and new pre-hearing deadlines for the exchange of witness and exhibit lists be established.

Accordingly,

**IT IS HEREBY ORDERED** that the Defendants' Joint Motion to Continue the *Franks* Hearing (Doc. 280) is **GRANTED**. The consolidated *Franks* hearing and evidentiary hearing on all motions to suppress Title III wiretaps, pen registers, trap-and-trace, or PLI information before the undersigned United States Magistrate Judge is rescheduled to begin on **August 1, 2016, at 9:30 a.m., in Courtroom 13 South**.

**IT IS FURTHER ORDERED** that the Court's Order dated June 7, 2016, setting forth procedures for the pretrial motion hearing (Doc. 276) is amended as follows:

1. Hearing Schedule

The Hearing will begin promptly at 9:30 a.m. on **August 1st** and is expected to continue into **August 2nd**. Subsequent times for starting and adjourning the Hearing will be announced at

the Hearing. The Court will be available to resolve any preliminary matters 30 minutes before the scheduled Hearing time. Counsel should avoid raising preliminary matters or legal argument during the course of the Hearing.

    2.    <u>Witnesses</u>

Defense counsel have been advised by the United States Attorney's office that, in order to compel the presence of the government agents whose presence they have requested, they must comply with certain procedures that were first established in *United States ex rel. Touhy v. Regan,* 340 U.S. 462 (1951). Defendants are in the process of attempting to comply with the required procedures and to otherwise decide whether they may rely on deposition testimony or statements given by those witnesses at the Hearing. The undersigned will hold a status conference on **July 25, 2016, at 10:30 A.M.**, to address, among other things, the status of witness availability for the Hearing. Only counsel need attend.

The parties must exchange the list of witnesses they will call at the Hearing no later than **July 29, 2016**, and may email a courtesy copy to the chambers of the undersigned, at MOEDml_Mensah@moed.uscourts.gov. The Court understands that the parties will not be absolutely bound by the list in calling their respective witnesses and may, for a variety of reasons, change the order of witnesses or decide not to call a particular witness. These issues should be brought to the Court's attention at the earliest opportunity.

The parties believe that all witness statements subject to disclosure under Fed. R. Crim. P. 26.2 have already been disclosed. However, the parties are reminded that all witnesses presented to testify at the Hearing (be they government witness or defense witness) will be subject to the requirements of Fed. R. Crim. P. 26.2. To the extent they have not already been disclosed, the Court strongly encourages the parties to produce all statements/Jencks Act material at the earliest opportunity.

3. Exhibits

The parties must exchange exhibits no later than **July 25, 2016**. The parties may provide a courtesy copy of their respective exhibit lists to the undersigned by emailing the same to MOEDml_Mensah@moed.uscourts.gov. Counsel may (but are not required to) deliver paper courtesy copies of actual exhibits to Chambers in advance of the Hearing.

4. Protective Order

The parties anticipate that information or materials subject to this Court's Protective Order entered on February 9, 2016 (Doc. 243) may need to be presented as impeachment or other evidence at the Hearing. The parties are directed to meet and confer in advance of the Hearing to reach an agreed-upon approach for the use of protected information at the Hearing. The parties must advise the Court of the agreed-upon approach for presenting protected information prior to the start of the Hearing. If the parties are unable to reach an agreed-upon approach for presenting protected information at the Hearing, the parties must notify the Court of the dispute by no later than the status conference on **July 25, 2016**.

Except as specifically amended herein, the parties must comply with all other deadlines and requirements set out in the Court's Order Setting Forth Pre-Hearing Procedures, dated June 7, 2016, (Doc. 276).

Dated: June 17, 2016.

*/s/ Shirley Padmore Mensah*
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE